**UTAH TRANSIT AUTHORITY, Plaintiff,**

v.

**Steve BOOTH and the Industrial Commission of Utah, Defendants.**

**No. 20788.**

Supreme Court of Utah.

Nov. 19, 1986.

**PER CURIAM:**

Utah Transit Authority (UTA) appeals from a decision of the Industrial Commission affirming an order of the administrative law judge which awards benefits to Steve Booth for a work-related injury. We affirm.

Booth has been an employee of UTA for more than ten years. On January 8, 1985, he was working his regular shift as a bus operator, driving a 1976 manually steered GMC 48-foot coach. Normally Booth operated one of the 1983 or 1984 series of coaches which were equipped with power steering. He drove the older buses infrequently, sometimes not more than once a month. That particular morning there was an "extreme" amount of snow on the streets. Booth was inbound going west on 6200 South and was negotiating a turn north onto Highland Drive when he suddenly felt a popping in his back, accompanied by sharp pain. He momentarily lost control over the wheel, so that the bus went straight, but regained power over the bus and continued his route. He immediately radioed UTA to ask for a relief operator as he would not be able to finish his shift. After discharging his passengers, Booth had to be lifted out of his seat and was driven by his supervisor to the Salt Lake Industrial Clinic. Medical examination and a CAT Scan revealed a swollen disc. The attending physician prescribed bed rest and medication. Booth was absent from work until January 21. He incurred medical expenses of $465 and temporary total disability amounting to $335.57.

UTA denied liability on the ground that Booth had a prior history of back trouble, and the injury was not a compensable "accident." No evidence of prior disability was presented at the hearing, and the administrative law judge awarded Booth eleven days temporary total disability benefits.

In its petition for a writ of review, UTA contends that the administrative law judge improperly based the award on an unanticipated and unintended injury, whereas an injury must result from an occurrence

Linda L.W. Roth, Salt Lake City, for plaintiff.

David L. Wilkinson, Atty. Gen., Ralph L. Finlayson, Asst. Atty. Gen., Salt Lake City, for defendants.

which is "unanticipated and unintended" in order to be compensable. The issue here is whether Booth was injured "by accident arising out of or in the course of his employment" as provided by section 35–1–45 of Utah's Workmen's Compensation Act.

As the administrative law judge noted, the controversy over what constitutes a compensable injury has been raging for some time. However, this Court's decision in *Allen v. Industrial Commission,* —— P.2d ——, slip op. 20026, filed November 14, 1986, has settled this issue with respect to the test to be applied. Under *Allen,* the present case plainly meets the test for an injury occurring "by accident." However, an additional question must be answered: was there legal causation? Under *Allen,* the test of legal causation varies with the employee's condition. If he or she has a preexisting injury that is aggravated by the subsequent accident, a higher threshold of legal causation is applicable. *Allen* at ——. Here, the applicant was not shown to have had any preexisting back condition, although UTA did put the matter in issue. Therefore, the lower *Allen* threshold of legal causation applies, one that is easily satisfied here. *Id.* at ——. Medical causation was also established by the record.

The Commission's ruling is affirmed.